IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERIMIAH WILSON PLAINTIFF

v. Civil No. 6:26-cv-06081-SGS

DEXTER PAYNE (ADC Director); WALTER WHITE (ADC Omega Unit Warden); ROBERTSON (ADC Omega Unit Treatment Center); and EMILY VINYARD DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jerimiah Wilson, proceeding *pro se* and seeking leave to proceed *in forma pauperis,* filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge. *See* General Order 2024-02. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation, and the case will be reassigned to a United States District Judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; General Order 2024-02. Currently before the Court is Plaintiff's failure to comply with the Court's Orders of June 16, 2026, (ECF No. 7), June 30, 2026, (ECF No.11), July 27, 2026 (ECF No. 14), August 28, 2026, (ECF No. 15), and his failure to prosecute this instant case.

## I. DISCUSSION

Plaintiff filed his deficient Complaint and *in forma pauperis* ("IFP") application on June 12, 2026 in the Eastern District of Arkansans. (ECF Nos. 1–2). His case was transferred to this District on June 16, 2026. (ECF Nos. 3–4). On June 16, 2026, after a review of his Complaint and IFP application, the Court ordered Plaintiff to cure deficiencies in both. (ECF No. 7–8). Specifically, the Plaintiff failed to answer the questions on the IFP form, instead drawing a line across the page. *See* ECF No. 7. The Court directed the Clerk to send Plaintiff a blank IFP

application for him to file. *Id.* On June 29, 2026, Plaintiff filed another deficient IFP application, having left it blank. *See* ECF No. 9. The next day, he filed an Amended Complaint. (ECF No. 10). On June 30, 2026, the Court again ordered Plaintiff to cure his IFP application and again, directed the Clerk to send Plaintiff another blank IFP application for him to file by July 21, 2026. (ECF No. 11). The Court additionally directed him to file a second amended complaint as he had attached exhibits to his Amended Complaint, thereby contravening the requirements of the Court's Prisoner Litigation Guide. (ECF No. 12). A day before the deadline for submission of both, on July 20, 2026, Plaintiff filed a Second Amended Complaint but wholly failed to submit an IFP application, much less a completed one. *See* ECF No. 13. On July 27, 2026, the Court ordered Plaintiff to show-cause as to why he did not file a completed IFP application by the deadline and required him to respond by August 17, 2026. (ECF No. 14). After Plaintiff failed to respond, on August 28, 2026, the Court ordered Plaintiff to pay the required filing fee by September 18, 2026, and warned Plaintiff that his case would otherwise be subject to dismissal. (ECF No. 15). To date, Plaintiff has not responded, filed a complete IFP application, or paid the filing fee. None of the Court's Orders have been returned as undeliverable.

Plaintiff has now failed to comply with no less than four of the Court's Orders: the two directing him to file a *complete* IFP application, the third directing him to show cause for ignoring the Court's prior two Orders, and finally, the last directing him to otherwise pay the filing fee for the initiation of his suit. Plaintiff's disregard for the Court's Orders directing him, with instructions to cure his IFP application by filling out the form, appears especially willful considering his seeming diligent application and ability to cure deficiencies in subsequent amendments of his complaints.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

E.D. & W.D. ARK. CIV. L.R. 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate the involuntary dismissal of a case where the plaintiff fails to prosecute or fails to comply with orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Here, the Plaintiff has failed to comply with the Court's Orders of June 16, 2026, (ECF No. 7), and June 30, 2026, (ECF No.11), directing him with instructions to file a completed IFP application, of July 27, 2026 (ECF No. 14) to show cause for failure to file a completed IFP application, and finally, of August 28, 2026, (ECF No. 15), requiring him to pay the filing fee in lieu of the completed IFP application.

## III. CONCLUSION

Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 13) be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with the orders of the Court and complete an IFP application or pay the filing fee, and failure to prosecute this instant case. *See* FED. R. CIV. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 24th day of September 2026.

/s/ Spencer G. Singleton

HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE